IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSE MARTIN ISLAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 323-002 |
| | ) | |
| DHS/ICE OFFICE OF CHIEF COUNSEL - ATD, | ) ) | |
| | ) | |
| Respondent.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, currently incarcerated at Dodge State Prison in Chester, Georgia, brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and has paid the $5.00 filing fee. As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing any respondent to file a response to the instant petition. 28 U.S.C. § 2243; see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[2] (requiring summary dismissal of application for habeas corpus when face of petition shows petitioner not entitled to relief in district court). For the reasons set forth below, the Court **REPORTS** and

---

[1] Because the petition should be dismissed for the reasons discussed herein, the Court need not determine at this time who the proper Respondent should be.

[2] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b). ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)).

**RECOMMENDS** this case be **DISMISSED** for lack of jurisdiction, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

I.   BACKGROUND

Petitioner commenced this case in the Northern District of Georgia by submitting a Notice of Appeal and a Petition for Reconsideration concerning rulings from the Board of Immigration Appeals and an immigration judge that Petitioner be removed from the United States to Mexico.  (See doc. nos. 1, 2.)[3]  The Clerk of Court in the Northern District interpreted Petitioner's filings as a petition filed pursuant to 28 U.S.C. § 2241, and United States Magistrate Judge Russell G. Vineyard transferred the case to the Southern District, as it is the federal district in which Petitioner is confined.  (Doc. nos. 3, 4.)  Although Petitioner did not submit his claims on a standard § 2241 form petition, in a nutshell, it appears Petitioner is attempting to challenge his removal order.

II.  DISCUSSION

The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 ("REAL ID Act"), amended the judicial review provisions of 8 U.S.C. § 1252 to provide that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . [which includes] habeas corpus review pursuant to section 2241 of Title 28."  8 U.S.C. § 1252(a)(5).  Section 1252(g) also limits habeas corpus jurisdiction, including under § 2241, to prohibit the court from "having jurisdiction to hear any cause or claim by or on

---

[3]The Clerk of Court separated the Petition for Reconsideration from the original petition, even though the petition identified the document regarding reconsideration as Exhibit 2 to his petition.  (Doc. no. 1, p. 2.)  Thus, the Court considers docket entries one and two together, as the original petition.

behalf of any alien arising from the decision of action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

As the presiding District Judge in this case long ago explained:

> Section 1252 plainly divests this Court of any jurisdiction to entertain a collateral challenge to a final order of removal; in short, "[t]he provisions of 28 U.S.C. § 2241(a) no longer play any role in immigration cases." Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1360 (11th Cir. 2005). Therefore, to the extent Petitioner is challenging a final order of removal, he has filed his petition in the wrong court.

Paz-Carranza v. Pugh, No. CV 306-033, 2006 WL 2444083, at *2 (S.D. Ga. Aug. 22, 2006) (Bowen, J.); see also Gozo v. Chertoff, No. CV 308-101, 2009 WL 73152, at *2 (S.D. Ga. Jan. 6, 2009) (Bowen, J.) (same). This principle continues to be consistently applied years later. See Fagan v. United States, No. CV 419-349, 2021 WL 4343406, at *2 (S.D. Ga. Sept. 2, 2021), *adopted by* 2021 WL 4343598 (S.D. Ga. Sept. 23, 2021) (Moore, J.) (granting motion to dismiss challenge to removal order because jurisdiction rests in the Court of Appeals); see also Priva v. U.S. Att'y Gen., 34 F.4th 946, 948 (11th Cir. 2022) (adjudicating petition for direct review in Court of Appeals of Final Administrative Removal Order and adverse reasonable fear determination issued during petitioner's expedited removal proceedings as an alien convicted of an aggravated felony under INA, 8 U.S.C. § 1228(b)); Flemming v. U.S. Dep't of Homeland Sec. Imm. and Customs Enf't, No. 1:13-CV-1364-TWT, 2013 2446303, at *2 (N.D. Ga. June 5, 2013) ("Furthermore, Petitioner cannot challenge his removal order in this Court, because the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5), expressly divests the district courts of jurisdiction in a petition challenging a final order of removal after denial of a citizenship claim." (citations omitted)).

3

In sum, "the exclusive mechanism for judicial review is a petition for review filed with the appropriate court of appeals." Jean-Pierre v. U.S. Att'y Gen., 500 F.3d 1315, 1321 (11th Cir. 2007) (citations omitted). Stated otherwise, "The provisions of 28 U.S.C. § 2241(a) no longer play any role in immigration cases." Balogun, 425 F.3d at 1360. This Court is without jurisdiction to address Petitioner's claims, and the case should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** for lack of jurisdiction, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 23rd day of January, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA